# ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY

## v.

## HENRY LENZ AND PAULINE LENZ.

*Railroads—Viaduct—Tracks—Injury to Private Property—Ordinances—Liability of Second Company—Damages—Evidence—Instruction.*

In an action brought to recover from a railroad company damages alleged to have been sustained by plaintiffs, by depreciating the market value of certain lots owned by them, by means of the erection of a viaduct and the laying of certain tracks, this court holds, in view of the evidence, and of the fact that the verdict for plaintiffs did not show what portion of the damages assessed were based upon injuries arising from the laying of tracks, and of a misleading instruction touching the measure of damages, given in behalf of the plaintiffs, that the verdict in their favor can not stand.

[Opinion filed February 12, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WILLIAMS, HOLT & WHEELER, for appellant.

Messrs. FURTHMANN & FITCH and WALKER & JUDD, for appellees.

MORAN, J.   This action was brought to recover damages alleged to have been sustained by appellees, by depreciating the market value of certain lots owned by them, by means of the erection of the viaduct on 18th street over the tracks of appellant, and those of the Alton and the Western Indiana railroads, and by reason of laying certain railroad tracks by appellant across 18th street and in Blackwell street.   The trial before a jury resulted in a verdict against appellant for $10,000, and to reverse the judgment entered thereon this appeal is prosecuted.

The main question presented by the record, and the one which we deem controlling, for the purpose of this review, is whether, under the facts, the appellant is chargeable with any liability for damage to appellee's property, caused by the building of the 18th street viaduct.

It is not contended by appellees that the viaduct or any part thereof was actually built by appellant, but it is claimed that a certain portion of the cost of the erection was paid by it; and that said fact, considered in connection with certain contracts made and ordinances passed by the city and accepted by appellant, were sufficient to charge appellant with liability for damage to property, resulting from the erection of the viaduct in the manner in which it was erected. The ordinances and contracts showing appellant's relation to the erection of said viaduct are in substance as follows:

On September 15, 1879, the city passed an ordinance permitting the Chicago & Western Indiana Railroad Company to enter the city, cross intervening streets, etc., "upon express condition that said company erect and maintain viaducts over such tracks or streets as the city council may require, and construct approaches to the viaducts, under the supervision of the department of public works, or other proper authority."

The company was required to indemnify the city against all damages, judgments, etc., which may be recovered against it by reason of the privileges or authority granted.

In March, 1881, an ordinance was passed authorizing said Western Indiana Company to erect a viaduct at the east end of 18th street bridge; "work to be according to plans and specifications of the Department of Public Works, and to be under the superintendence and direction, and to the satisfaction of the Commissioners of Public Works of said city," and viaduct to be maintained at the expense of the said company and city to be indemnified against damages resulting from exercise by the company of the privileges granted. On June 30, 1887, an order of the city council directed the commissioners of public works to notify the said railroad to erect and complete for public use a viaduct over the tracks and grounds of said company on 18th street, with necessary approaches, etc..

said work to be completed by said company at such time during that year as the commissioners should indicate.

On August 10, 1887, a contract was made between the Western Indiana Company and the city of Chicago, which recites the obligation of the said company as to the erection and maintenance of viaduct approaches, etc., at 18th street, under plans of the department of public works; that city is to build another bridge at 18th street; that the viaduct shall be constructed as indicated, upon plans attached and work done under control of department of public works; that contracts for said work shall be let by said department of public works, the company having first approved the same by indorsement; that company shall pay as its proportion of the costs one-sixth of the cost of the center pier of swing bridge, the entire cost of the work east of the east pier of bridge, viaduct piers, etc., and all other expenses connected with said construction to the end of said approach at the west curb line of Wentworth avenue, except so much as is to be paid by the Alton R. R. Co. The Western Indiana Company agrees to save the city harmless from any and all damages which may be recovered against it for damages to lots, lands or buildings resulting from the construction of said viaduct, piers, and the approaches thereto which lie east of the bridge.

On said August 10th, after the making of said last mentioned contract, the appellant entered into a contract with the Western Indiana Company which recites the said contract with the city, by which, among other things, the said C. & W. I. R. R. Co. has agreed to pay for the construction and maintenance of that portion of said viaduct extending east from the center of the first pier for said viaduct on the east side of Grove street about 138 feet east therefrom, " and that said last named portion of said viaduct is so constructed especially for the benefit and advantage of" appellant as collateral to and in extension of the contract of lease between the Western Indiana Company and appellant; therefore appellant agrees to pay from time to time to said Western Indiana Company the entire expense of construction and maintenance of " one-half of the pier made to support said viaduct on the easterly side

of Grove street, and one-half of the abutment supporting the approach to said viaduct, which is about 138 feet east thereof, and the entire cost of the superstructure of said viaduct between said pier and abutment," and the contract goes on to specify the time and manner of payment. It appears from the evidence introduced by appellee that the plans for the building of the viaduct were completed and on file in the office of the city engineer in the fall of 1886; that some changes were made therein before the construction, but no alteration in the steepness of grade and no change from Wentworth avenue as a starting point, and it is also shown by appellee, and is without contradiction, that the work was in fact done by the city under the direction of the city engineer and in pursuance of the contract between the city and the Western Indiana Company, the material portion of which we have heretofore stated. There is no evidence in the case tending to show that the construction of the viaduct from the east side of Grove street to the east side of Blackwell street in the manner desired by appellant, extended the starting point of the viaduct to Wentworth avenue, or in any degree increased the injurious effect of the viaduct upon appellees' property beyond what it would have been if it had not been constructed between such points in such manner as to allow the land between these points to be used for appellant's tracks. The claim is purely and simply that because such portion of the viaduct was constructed in the manner in which appellant desired, and because, in consideration thereof, it agreed to pay a part of the cost of the construction between those two points, it has become liable for the damage done to appellees' property, situated a block east, though the viaduct would have had the same relation to, and effect upon, appellees' property if it had been built in some other manner between the east side of Grove street and the east side of Blackwell street, than the manner in which, at appellant's request, it was constructed.

There being no other evidence in the case showing the relation of appellant to the construction of this viaduct, than that contained in the written contracts and the ordinances, nothing to charge it with any liability except the fact that it

agreed to contribute part of the expense of construction in consideration that a portion of the viaduct should be built in a particular manner for its accommodation, the case came within the decision of the Supreme Court in The Culbertson & Blair Packing and Provision Company v. City of Chicago et al., 111 Ill. 651, and the court should have told the jury that, under the facts here shown, appellant could not be held for damage to appellees' property arising from the erection of the viaduct as it was in substance requested to do in defendant's first instruction, and should not have assumed, as it did in plaintiffs' first and second instructions, that appellant did build the viaduct, and direct the jury that if the building thereof caused damage to plaintiffs' property they might find appellant guilty.

We have considered appellees' contention, that by the ordinance for the admission of appellant company into the city, which was accepted, appellant became liable to property owners injured by the erection of this 18th street viaduct. We do not think that a fair construction of said ordinance gives any support to appellees' claim. Besides the damage claimed to accrue to appellees' property from the building of the viaduct, it was claimed that it was also injured by reason of the fact that appellant had laid certain tracks in Blackwell street and across 18th street. The proof was that appellant had laid several tracks on land lying between Blackwell and Grove streets, which land belonged to the company, which tracks crossed 18th street; also that it has laid tracks in Blackwell street, which cross 18th street too, and also that it built a round-house and laid tracks on property which it owned, just north of 18th street. Appellees' property which was alleged to be damaged, was situated on corner of Wentworth avenue and 18th street, and there was practical unity among the witnesses who testified as to the amount of damage, that it was in part due to the construction of the viaduct, in part to a break or disconnection in the sidewalk at or near the west line of appellees' property, in part to the construction of railroads in the neighborhood and the use of surrounding property and the occupation of the streets

for railroad purposes, and there was no attempt on the part of the witnesses to separate and distinguish the damage arising from these different causes.

It is of course clear that any depreciation of appellees' property caused by appellant's laying railroad tracks on its own land, did not constitute an element of legal damage which appellees were entitled to recover. Assuming (what we do not now decide) that appellees would recover, under the facts as shown in this case, from appellant, such damage as resulted from appellant's building tracks in Blackwell street and across 18th street, appellees have entirely failed to show what that damage is, and the verdict must be assumed to be based on the evidence introduced to show the damage, and therefore to be made up of allowances for injuries for which there was no legal right of recovery. The evidence from which the jury were required to find, being as stated, correct instructions could not have aided the verdict, but the instructions given did not distinctly require the jury to disregard improper elements of damage, but were so drawn as to in fact permit the inclusion of such elements. Plaintiffs' second instruction told the jury that if defendant "did, by the building of railroad tracks and by the building of a viaduct in a public street across railroad tracks" damage plaintiffs' property, then plaintiffs could recover whatever damages they have sustained by reason of the building of such railroad tracks and such viaduct by defendant. While a careful reading of said instruction, such as a lawyer would give it, may confine the damage for tracks to those laid in a public street, yet it is so couched as to make it almost certain that a jury would not so understand it, particularly when the proof before them did not distinguish between damages arising from such tracks and others which appellant laid, and which were shown to have depreciated appellees' property.

The judgment must be reversed and the case remanded.

*Reversed and remanded.*